UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

CLIFTON MASSEY, : CASE NO. 1:18-CV-01605
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
FISHERS POLICE DEPARTMENT, *et al.*, :
:
    Defendants. :
:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Clifton Massey, an Indiana Citizen, filed this action against the Fishers, Indiana Police Department, and the Baron's Bus Company of Brookpark, Ohio. In the Complaint, Plaintiff alleges that although he paid the fare for transportation from Indianapolis, Indiana to Fort Wayne, Indiana, he was ejected from the bus in the middle of the route, leaving him stranded. He does not explain the circumstances of his expulsion, but states it was due to his race. He states that a Fishers Police Officer "appeared to be racist against African-American men" but does not indicate what role the officer had in this incident.[1] He does not specify a cause of action, asserting only violation of his civil rights and the Interstate Commerce Act.[2] He seeks monetary damages.

## I. Legal Standard

    Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law

---

[1]     Doc. No. 1 at 2.
[2]     Doc. No. 1 at 1.

or fact.[3] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[4] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[5] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[7] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[8]

## II. Analysis

As an initial matter, this Court is not the proper venue for this action. A civil action may be brought in:[9]

> 1. A judicial district in which any Defendant resides, if all Defendants are residents of the State in which the district is located;
>
> 2. A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> 3. if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any Defendant is subject to the court's personal jurisdiction with respect to such actions.

---

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[4] *Neitzke*, 490 U.S. at 327.
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[6] *Id.* at 678.
[7] *Id.*
[8] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[9] 28 U.S.C. § 1391(b)

Venue is not proper in this District under the first criteria because not all of the Defendants are residents of Ohio. The Fishers Police Department and the municipality it serves are located in Indiana. Venue is not proper in this District under the second criteria because none of the events giving rise to the Complaint occurred here. Plaintiff is not specific about where the events occurred but he indicates he was traveling from Indianapolis to Fort Wayne, Indiana. He mentions the Fishers Police Department so it is possible the incident in question occurred in or near Fishers. Fishers is located within the Southern District of Indiana, making venue proper in that District. Venue is not proper in the Northern District of Ohio under the third criteria because it only applies if venue cannot be premised on either the first or the second criteria. Because venue would be proper in the Southern District of Indiana under the second criteria, the third criteria does not apply.

An improperly venued action must be dismissed unless it is "in the interest of justice" that it be transferred to a District or division in which it could have been brought.[10] It, however, would not be in the interest of justice to transfer this matter to the Southern District of Indiana. Plaintiff does not allege facts to describe the incident and concludes, without explanation, that the Defendants' employees discriminated against him on the basis of race. He fails to identify a cause of action other than "civil rights violations" and the Interstate Commerce Act. Because his Complaint contains so few factual allegations, his claims are at best stated as legal conclusions. This is not sufficient to state a claim upon which relief may be granted.[11]

---

[10] Title 28 U.S.C. § 1406(a).
[11] *Iqbal*, 556 U.S. at 677-78.

3

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[12]

IT IS SO ORDERED.

Dated: December 3, 2018              *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.